# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURT R. THEGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 4:20-cv-3014 |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Curt R. Thege, by and through counsel, and for his Complaint against Defendant, BNSF Railway Company, a Delaware corporation, respectfully states and alleges as follows:

## PARTIES

1. Plaintiff, Curt R. Thege is and was at all times herein relevant a citizen and resident of the State of Nebraska, residing in Lincoln, Nebraska.

2. Defendant, BNSF Railway Company ("BNSF") is a foreign corporation organized and existing according to law, conducting business as a common carrier by railroad engaged in interstate commerce with facilities, tracks and employees located in and through several states, including in and through the State of Nebraska.  At all times material BNSF received, accepted and transported various shipments of freight in and through the State of Nebraska, including in both intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in said State, and at all times material was and is presently conducting business in and through the State of Nebraska.

1

3. Defendant BNSF can be served through its agent for service of process at CT Corporation System, 5601 South 59th Street, Lincoln, Nebraska 68516.

## JURISDICTION & VENUE

4. Jurisdiction is appropriate under 28 U.S.C. § 1331 as Plaintiff's Complaint involves a claim under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA") and this Court has subject matter jurisdiction over this claim pursuant to 45 U.S.C. § 56.

5. The events giving rise to Plaintiff's cause of action occurred within this federal judicial district and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

6. Plaintiff's cause of action arose less than three years from the filing of this cause of action which is timely pursuant to 45 U.S.C. § 56 of the FELA.

## FACTUAL ALLEGATIONS

7. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 and 2 of his Complaint as if the same were set forth verbatim herein.

8. At all times material herein, Plaintiff was employed by Defendant BNSF as a Carman and was working and engaged in interstate transportation and commerce at the time of the occurrence hereinafter set forth, and at such time was working in the furtherance of Defendant BNSF's interstate commerce activities and in work which directly, closely and substantially affected the general interstate commerce carried on by Defendant BNSF as a railroad common carrier.

9. On June 11, 2019 Plaintiff was working in the course and scope of his railroad employment with Defendant BNSF at its Havelock Car Shop in Lincoln, Nebraska. Plaintiff was working to remove a side panel from a grain hopper railcar and was positioned on an extended scissor lift having attached chains to the side panel as part of the removal process. A fellow BNSF

Carman employee was operating the west overhead crane operating the crane controls from the ground with the intent of using the west overhead crane to remove the side panel from the railcar. While removing slack from the chain, the west overhead crane abruptly and rapidly went upward placing undue tension on the side panel causing it to shift and impact the scissor lift, knocking the scissor lift over with Plaintiff inside and holding on, riding the scissor lift to the ground from a height of no less than 15 feet, causing Plaintiff to land on his back and head sustaining multiple, serious injuries.

10. Under the FELA, at all times Defendant BNSF had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably safe conditions for work, reasonably safe methods and procedures for work, reasonably safe supervision for work, reasonably safe training related to the work procedures performed, and a duty to exercise reasonable care in connection with all aspects of Plaintiff's working environment specifically including on June 11, 2019.

11. Defendant BNSF, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

(a) BNSF failed to provide Plaintiff with a reasonably safe place to work;

(b) BNSF failed to provide Plaintiff with reasonably safe conditions for work;

(c) BNSF failed to provide Plaintiff with reasonably safe tools and equipment for work;

(d) BNSF failed to provide Plaintiff with reasonably safe methods and procedures for work;

(e) BNSF failed to provide Plaintiff with reasonably safe and adequate supervision;

(f)      BNSF failed to provide Plaintiff with reasonably safe training with regard to the work task he was performing at the time of his injury incident;

(g)      BNSF customarily failed to enforce its own safety rules, policies and procedures;

(h)      BNSF allowed and permitted unsafe work practices and procedures to become customary and accepted work practices;

(i)      BNSF failed to adequately train its Carmen employees how to properly and safely operate the west overhead crane in the Havelock Car Shop specifically including when said crane was being used to remove a railcar side panel;

(j)      BNSF failed to comply with the west overhead crane manufacturer's training recommendations and protocols;

(k)      BNSF failed to inspect, maintain and repair, and/or adequately inspect, maintain and repair the west overhead crane involved in Plaintiff's injury incident;

(l)      BNSF allowed the west overhead crane to be used at the time of Plaintiff's injury incident despite having actual and/or constructive knowledge that the west overhead crane was at times not functioning as intended and experiencing malfunctions adversely impacting its safe operation; and/or

(m)      BNSF failed to comply with one or more applicable statutory provisions as promulgated by the Occupational Safety & Health Administration (OSHA), including but not limited to 29 CFR § 1910, Subpart N, specifically including but not limited to 29 CFR § 1910.179(a)(35); 29 CFR § 1910.179(b)(8); and the American National Standard Institute (ANSI) B30.2 crane training standards referenced therein.

12.      Defendant BNSF knew, or in the exercise of reasonable care should have known that its negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations could, would or might cause harm to Plaintiff.

13.      Plaintiff's injuries were caused, even in the slightest, as a result of one or more of Defendant BNSF's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of BNSF's duties under the FELA.

14.      As a result, even in the slightest, of one or more of Defendant BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations,

4

Plaintiff sustained serious injuries to his skull, head and brain with a diagnosed traumatic brain injury, injuries to his upper extremities, cervical spine, thoracic spine including vertebral fractures, ribs, injuries to his lumbar spine to include vertebral fractures and internal disc disruption resulting in lower extremity symptomatology to include distributed numbness and weakness reflective of permanent nerve damage, injuries to his sacroiliac joints and sciatic nerves, and injuries to his bladder, urinary tract and sphincter causing urinary dysfunction and incontinence, with crushing, bruising, straining, spraining, tearing, twisting, bulging and/or herniation and to the soft tissues, ligaments, tendons, muscles, cartilages, discs, bones, blood vessels, and nerves of the aforementioned body parts, all of which have resulted in Plaintiff experiencing significant limitation of motion, loss of function, hemorrhoids, worsening of Plaintiff's preexisting otherwise controlled diabetic condition, sensory changes, permanent impairment, neurological damage and dysfunction, tremendous physical pain, emotional suffering and loss of enjoyment of life, and Plaintiff will continue to suffer from the aforesaid permanent, progressive, debilitating and disabling conditions in the future.

15.    As a result, even in the slightest, of one or more of Defendant BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff has sought and received extensive medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will require additional care and treatment in the future, and Plaintiff has incurred expenses for his medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will incur such additional expenses in the future for his medical care and needs.

16.    As a result, even in the slightest, of one or more of Defendant BNSF's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations,

Plaintiff sustained the aforesaid serious and disabling injuries and resulting symptomatology and as has sustained a past wage loss and an impairment of his earning capacity, both past and future, a loss of fringe benefits of employment, and a loss of pension and retirement benefits, both past and future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Curt R. Thege prays for judgment of and from Defendant BNSF Railway Company for such general and special damages as he is entitled to recover under law in excess of seventy five thousand dollars ($75,000.00), together with post-judgment interest on the total judgment rendered herein, costs of suit, and such other and further relief, both general and specific, at law or in equity, which he may be justly entitled to receive, whether specifically prayed for or not.

## JURY DEMAND

Plaintiff hereby demands trial by jury.


Respectfully submitted,

CHOD LAW, LLC


/s/ *Jeffrey E. Chod*
Jeffrey E. Chod
P.O. Box 17727
Denver, CO 80217-7727
Telephone: (314) 541-5862
Facsimile: (719) 470-2244
E-Mail: jchod@chodlawfirm.com

**ATTORNEY FOR PLAINTIFF**