IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURT R. THEGE,<br><br>    Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation;<br><br>    Defendant. | 4:20CV3014<br><br>**ORDER** |

IT IS ORDERED:

1) The defendant's unopposed motion, (Filing No. 132), is granted, and the final pretrial conference order is amended as attached. (Amendments noted in red.)

2) The parties' amended witness and exhibit lists shall be filed on or before September 19, 2022.

Dated August 29, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURT R. THEGE, | ) CASE NO. 4:20-cv-3014 |
| Plaintiff, | ) |
| | ) **AMENDED** ORDER ON |
| vs. | ) FINAL PRETRIAL |
| | ) CONFERENCE |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ) |
| Defendant. | ) |

A final pretrial conference was held on the 28th day of April, 2022, and the resulting order is modified pursuant to Defendant's motion (Filing No. 132).

Appearing at the pretrial conference as counsel for the parties were:

Jeffrey E. Chod for plaintiff, Curt R. Thege.

Cash K. Parker, Keith M. Goman, Jacob R. Woods for defendant, BNSF Railway Company.

**(A)** **Exhibits.** See attached Exhibit Lists with objections.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B)** **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. Defendant BNSF Railway Company ("BNSF") was and is a common carrier by railroad engaged in interstate commerce and doing business in the State of Nebraska.

2. During 2019 and before, BNSF owned, maintained, and operated a railway facility commonly known as the Havelock Car Shop in Lincoln, Nebraska.

3. Plaintiff Curt R. Thege ("Thege") was hired as a Carmen employee of BNSF on June 5, 2006 in Lincoln, Nebraska.

4. Thege's rights, if any, to recover damages in this action are governed by the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq*.

5. On June 11, 2019 Thege was working in the course and scope of his railroad employment with BNSF in the furtherance of BNSF's interstate commerce activities as a common carrier by railroad.

6. On June 11, 2019 BNSF Carman Aaron Myers was working in the course and scope of his railroad employment with BNSF in the furtherance of BNSF's interstate commerce activities as a common carrier by railroad.

7. BNSF admits that on June 11, 2019, it breached its duty of care under the Federal Employers' Liability Act, causing Plaintiff's accident. (See Filing No. 132).

**(C)   Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the Court's attention are:

**Pending Motions**

1. Plaintiff's Motion for Partial Summary Judgment on BNSF's Breach of Duty Under FELA (**Doc. #97**)

2. Plaintiff's Motion for Partial Summary Judgment on BNSF's Sole and Contributory Negligence Affirmative Defenses (**Doc. #100**)

3. Plaintiff's Combined Motions *in Limine*. (**Doc. #110**)

4. BNSF's Motions *in Limine*. (**Doc. #113**)

**FELA Claim**

1. ~~Whether defendant was negligent with regard to the facts and circumstances involving plaintiff's injury event on June 11, 2019 in one or more of the following particulars?~~

    a. ~~failing to provide Plaintiff with a reasonably safe place to work;~~

    b. ~~failing to provide Plaintiff with reasonably safe conditions for work;~~

    c. ~~failing to provide Plaintiff with reasonably safe tools and equipment for work;~~

    d. ~~failing to provide Plaintiff with reasonably safe methods and procedures for work;~~

    e. ~~failing to provide Plaintiff with reasonably safe supervision for work;~~

    f. ~~failing to provide Plaintiff with reasonably safe training;~~

    g. ~~failing to enforce its own safety rules, policies and procedures;~~

    h. ~~allowing unsafe work practices to become accepted work practices;~~

2

~~i.~~ ~~failing to adequately train its Carmen employees how to properly and safely operate the Crane;~~

~~j.~~ ~~failing to inspect, maintain and repair, and/or adequately inspect, maintain, and repair the west overhead crane;~~

~~k.~~ ~~allowing the Crane to be used at the time of Plaintiff's injury despite having actual and/or constructive knowledge that the Crane was at times not functioning as intended and experiencing malfunctions adversely impacting its safe operation; and/or~~

~~l.~~ ~~failing to comply with applicable OSHA regulations and industry standards governing inspections and maintenance of the Crane.~~

2. ~~Whether defendant's negligence was a cause or contributed, in whole or in part, to any of plaintiff's claimed injuries and consequent damages.~~[1]

3. The nature and extent of plaintiff's claimed injuries and residual impairments, including the following elements of plaintiff's general damages:

    a. plaintiff's past physical pain;

    b. plaintiff's past emotional suffering:

    c. plaintiff's future physical pain;

    d. plaintiff's future emotional suffering;

    e. plaintiff's disability; and

    f. plaintiff's disfigurement.

4. The nature and extent of plaintiff's damages, including the following elements of plaintiff's special damages:

    a. past wage loss: a range of $156,150 to $180,713.

    b. future loss of earning capacity and future loss of fringe and pension benefits (reduced to a present cash value figure): a range of $636,653 to $702,580.

    c. future Life-Care plan expenses: a range of $676,701 to $874,500.

5. Whether Plaintiff has failed to mitigate his damages by failing to take reasonable steps to return to gainful employment or otherwise mitigate his losses.

6. ~~Whether Plaintiff's injuries and damages were caused, in whole or in part, by Plaintiff's contributory negligence by his failure to take reasonable precautions for his own safety. *See* 45 U.S.C. §53.~~[1]

---

[1] The court has now decided, as a matter of law, that Plaintiff was not contributorily negligent and/or that his negligence did not cause his injuries. (Filing No. 124).

3

7. Whether some of Plaintiff's claimed injuries or damages pre-existed the claimed injury or were caused, even in part, by factors other than the June 11, 2019 accident.

8. Whether Defendant is entitled or required to offset or deduct any amounts paid or amounts that will be paid to Plaintiff and, similarly, whether Defendant is required to withhold taxes under the Railroad Retirement Tax Act or Medicare Taxes.

[List all legal issues remaining to be determined, setting out in detail each element of the claim or defense which is genuinely controverted (including issues on the merits and issues of jurisdiction, venue, joinder, validity of appointment of a representative of a party, class action, substitution of parties, attorney's fee and applicable law under which it is claimed, and prejudgment interest). Specify any special damages or permanent injuries claimed. In any negligence action, specify elements of negligence and contributory negligence, if any. Any other unresolved matters requiring the court's attention, such as possible consolidation for trial, bifurcated trials on specified issues, and pending motions, shall also be listed.]

**(D)** **Witnesses.**

All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

**Plaintiff anticipates calling the following witnesses at trial:**

1. Curt R. Thege, Lincoln, NE

2. Denise Thege, Lincoln, NE

3. Lindsey Francis, Lincoln, NE

4. Robert Vande Guchte, M.D., Lincoln, NE

5. Sunil Nair, M.D., Lincoln, NE (by video deposition testimony)

6. C. Weston Whitten, M.D., Lincoln, NE

7. Andrew Lepinski, M.D., Lincoln, NE

8. Michelle Spicka, DPT, Lincoln, NE

9. Hal Wortzel, M.D., Denver, CO (by video deposition testimony)

10. Shelly Kinney, MSN, RN, CNLCP, CCM, Silver City, IA

11. Jeffrey Opp, Castle Rock, CO (by remote testimony)

4

**Plaintiff may call the following witnesses if the need arises either live or by preserved deposition testimony:**

1. Michael Anderson, Lincoln, NE

2. Chris Benkusky, Lincoln, NE

3. Eric Bossaller, Lincoln, NE

4. Chris Bourke, Lincoln, NE

5. Jeremy Bradford, Mobile, AL

6. Dan Cihal, Valparaiso, NE

7. Chris Crombie, Wichita, KS

8. Gage Dorr, Lincoln, NE

9. D. Larry Dunville, Tucson, AZ

10. Ryan Gleason, Lincoln, NE

11. Ward Greisen, Lincoln, NE

12. Mark Klecka, Chana, IL

13. Nicholas Kohout, Lincoln, NE

14. Bob Lacher, Lincoln, NE

15. Chris Lyons, Lincoln, NE

16. Aaron Myers, Lincoln, NE

17. Rodney Shaw, Lincoln, NE

18. Jon Sinner, Lincoln, NE

19. Jack Tarr, Omaha, NE

20. Gerry Velder, Elmwood, NE

21. Ben Zurcher, Lincoln, NE

22. Dr. Robert Arias, Lincoln, NE

5

23. James Matthews, Lincoln, NE

24. Cory Mero, Lincoln, NE

25. Any non-objectionable witness properly endorsed by Defendant.

26. Any witness necessary to rebut Defendant's claims or to authenticate an exhibit.

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

**Defendant anticipates calling the following witnesses at trial:**

1. Mike Anderson, Raymond, NE

2. Ryan Gleason, Lincoln, NE

3. Lisa Gladney, Springfield, MO

4. Derek Cargill, Ft. Worth, TX

5. Robert Podawiltz, Lincoln, NE

6. Ward Griesen, Lincoln, NE

7. Chris Bourke, Lincoln, NE (by remote testimony or preserved deposition testimony)

8. Rod Shaw, Lincoln, NE

9. Jack Tarr, Omaha, NE (Rule 30(b)(6) deposition testimony)

10. Dr. Scott Vincent, Omaha, NE

11. Dr. Andrew Arther, Omaha, NE (by remote testimony)

12. Cynthia Bartmann, Aurora, CO

13. Jeffrey Travis, Warrenville, IL

14. Joseph Tremblay, Castle Rock, CO

15. Cathlin Mitchell, Brentwood, TN

16. Dr. Andrew Lepinski, Lincoln, NE (by deposition testimony)

17.     Dr. Robert Arias, Lincoln, NE (by deposition testimony)

**Defendant may call the following witnesses if the need arises:**

1.     Eric Bossaller, Lincoln, NE

2.     Christopher Lovato, Denver, CO

3.     Nicole Johnson, Lincoln, NE

4.     Gage Dorr, Lincoln, NE

5.     Aaron Myers, Lincoln, NE (by deposition testimony)

6.     Ben Zurcher, Lincoln, NE

7.     Nicholas Kohout, Lincoln, NE

8.     Christopher Lyons, Lincoln, NE (by deposition testimony)

9.     Dr. Hal Wortzel, Denver, CO

10.     Dr. Sunil Nair, Lincoln, NE (by deposition testimony)

11.     Michelle Spicka, Lincoln, NE (by deposition testimony)

12.     Dr. Robert Vande Guchte, Lincoln, NE (by deposition testimony)

13.     Dr. Charles Whitten, Lincoln, NE (by deposition)

14.     Any non-objectionable witness properly endorsed by Plaintiff

15.     Any witness necessary to rebut Plaintiff's claims or authenticate an exhibit

It is understood that, except upon a showing of good cause, no witness whose name and city of residence does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E)**     **Expert Witnesses' Qualifications.** [Set out the qualifications of each person expected to be called as an expert witness. A curriculum vitae or resume may be attached in lieu of setting out the qualifications.]

**Experts to be called by plaintiff and their qualifications are:**

1.      Dr. Robert Vande Guchte
Lincoln Orthopedic Center
6900 A Street
Lincoln, NE 68510

      Dr. Robert Vande Guchte is a board-certified orthopedic surgeon in Lincoln, Nebraska and is one of plaintiff's treating physicians and surgeons. Dr. Vande Guchte is a graduate of the University of Alberta, Faculty of Medicine. He completed his Orthopedic residency at the University of Alberta and a fellowship in Sports Medicine at the University of Calgary Sports Medicine Center. He has also completed a second fellowship in Spine Surgery at the University of British Columbia Spine Trauma and Disease Center. Dr. Vande Guchte is a non-retained medical expert in this case.

2.      Dr. Andrew J. Lepinski
Urology, P.C.
5500 Pine Lake Road
Lincoln, NE 68516

      Dr. Andrew J. Lepinski is a board-certified urologist in Lincoln, Nebraska and is one of plaintiff's treating physicians and a non-retained medical expert in this case. A copy of Dr. Lepinski's Curriculum Vitae is attached herewith as Exhibit 1.

3.      Michelle Spicka, DPT
Husker Rehab & Wellness Centers, P.C.
4911 N. 26th Street, Suite 100
Lincoln, NE 68521

      Michelle Spicka graduated from Creighton in 2001 with her doctorate in physical therapy and has been a practicing physical therapist since achieving her doctorate degree. Ms. Spicka specializes in pelvic physical therapy including treatment for urinary and fecal incontinence, constipation, and urinary dysfunction. Ms. Spicka is one of plaintiff's treating medical providers and a non-retained medical expert in this case.

4.      Dr. Sunil Nair
Bryan Medical Center West
Bryan Neurology
2222 S. 16th Street, Suite 340
Lincoln, NE 68502

      Dr. Sunil Nair is a neurologist in Lincoln, Nebraska, double board-certified in adult neurology and clinical neurophysiology, and is one of plaintiff's treating physicians and a non-retained medical expert in this case.

5.      Dr. C. Weston Whitten

      Nebraska Pain Institute
      4546 S. 86th Street, Suite B
      Lincoln, NE 68526

     Dr. C. Weston Whitten is double board-certified in anesthesiology and pain medicine and is one of plaintiff's treating physicians and a non-retained medical expert in this case. A copy of Dr. Whitten's Curriculum Vitae is attached herewith as Exhibit 2.

6.     Hal Wortzel, M.D.
      17795 East Jamison Avenue
      Centennial, CO 80016

     Dr. Hal Wortzel has been retained by BNSF as a Rule 26(a)(2) expert witness and conducted a records review and rendered opinions concerning plaintiff's diagnosed brain injury causally related to the June 11, 2019 incident. A copy of Dr. Wortzel's Curriculum Vitae is attached herewith as Exhibit 3.

7.     Shelly Kinney, MSN, RN, CNLCP, CCM
      Kinney Consulting, Inc.
      29471 Dobney Avenue
      Silver City, IA 51571

     Shelly Kinney is a Masters' prepared nurse certified in both Case Management and Nurse Life Care Planning. Nurse Kinney has prepared a life-care plan related to plaintiff's future medical and life-care needs and is a retained expert in this case. A copy of Nurse Kinney's Curriculum Vitae is attached herewith as Exhibit 4.

8.     Jeffrey B. Opp
      Opp & Company, Inc.
      399 Perry Street, Suite 201
      Castle Rock, CO 80104

     Jeff Opp is an economic loss consultant with a subspecialty in calculating economic losses in FELA cases. Mr. Opp is a retained economic loss expert who has computed plaintiff's past wage loss, future loss of earning capacity and loss of future benefits, and plaintiff's future medical/life-care plan needs. A copy of Mr. Opp's Curriculum Vitae is attached as Exhibit 5.

**Experts that may be called by plaintiff if the need arises and their qualifications are:**

1.     D. Larry Dunville
      Overhead Crane Consulting, LLC
      3606 N. Larrea Lane
      Tucson, AZ 85750

     D. Larry Dunville is a crane expert and consultant who has been retained by plaintiff to evaluate the facts and circumstances involving and surrounding plaintiff's June 11, 2019 injury

incident and issues related to BNSF's negligence in this case. A copy of Mr. Dunville's Curriculum Vitae is attached as Exhibit 6.

2.  Robert Aries, Ph.D.
    Arias Neuropsychology & Behavioral Medicine, P.C.
    6940 Van Dorn, Suite 203
    Lincoln, NE 68506

    Dr. Robert Arias is a neuropsychologist practicing in Lincoln, Nebraska. Dr. Arias is one of plaintiff's treating medical providers and a non-retained medical expert in this case. A copy of Dr. Arias' Curriculum Vitae is attached as Exhibit 7.

**Experts to be called by defendant and their qualifications are:**

1.  Scott Vincent, M.D., Department of Orthopaedic Surgery, 985640 Nebraska Medical Center, Omaha, NE 68198-5640, (402) 559-9171. Dr. Vincent's CV is attached as Exhibit A.

2.  Andrew R. Arther, M.D., Adult & Pediatric Urology, P.C., 10707 Pacific Street, Suite 101, Omaha, NE 68114, (402) 397-7989. Dr. Arther's CV is attached as Exhibit B.

3.  Cynthia Bartmann, CCM, CDMS, Bartmann and Associates, LLC, 22335 East Bellewood Drive, Aurora, CO 80015, (303) 693-2464. Ms. Bartmann's CV is attached as Exhibit C.

4.  Jeffrey A. Travis, PE, SE, Exponent Engineering & Scientific Consulting, 4580 Weaver Parkway, Suite 100, Warrenville, IL 60555, (630) 658-7504. Mr. Travis' CV is attached as Exhibit D.

5.  Joseph Tremblay, P.E., Veritech Consulting Engineering, LLC, 2 Oakwood Plaza, Suite 200, Castle Rock, CO 80104, (303) 660-4395. Mr. Tremblay's CV is attached as Exhibit E.

6.  Hal Wortzel, M.D., Director, Neuropsychiatric Consultation Services, Rocky Mountain Regional VA Medical Center, 4155 East Jewel Avenue, Suite 225, No. 7, Denver, CO 80222, (303) 596-8339. Dr. Wortzel's CV is attached as Exhibit F.

7.  Cathlin Mitchell, Care Management Consultants, Inc., 214 Overlook Circle, Suite 100, Brentwood, TN 37027, (615) 373-2273. Ms. Mitchell's CV is attached as Exhibit G.

8.  Dr. Robert Vande Guchte (identified above, by Plaintiff)

9.  Dr. Andrew J. Lepinski (identified above, by Plaintiff)

10. Michelle Spicka, DPT (identified above, by Plaintiff)

    11.    Dr. Sunil Nair (identified above, by Plaintiff)

    12.    Dr. C. Weston Whitten (identified above, by Plaintiff)

**(F)**     **Voir Dire.** Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following regarding the conduct of juror examination:

Preliminary Voir Dire will be conducted by the Court with follow-up by counsel for the parties.

**(G)**     **Number of Jurors.** Plaintiff requests that this matter be tried to a jury composed of six (6) members. Defendant requests that this matter be tried to a jury composed of twelve (12) members.

**(H)**     **Verdict.** The parties will not stipulate to a less-than-unanimous verdict.

**(I)**     **Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Unless otherwise ordered, trial briefs, proposed jury instructions, and proposed findings of fact shall be filed five (5) working days before the first day of trial on or before May 16, 2022.

**(J)**     **Length of Trial.** Counsel estimate the length of trial will be 4 days.

**(K)**     **Trial Date.** Trial is set for October 3, 2022.

**(L)**     **Other Matters.**

                                          CURT R. THEGE,
                                          Plaintiff

                       By:    */s/ Jeffrey E. Chod*
                               Jeffrey E. Chod
                               Chod Law, LLC
                               P.O. Box 17727
                               Denver, CO 80217-7727
                               Telephone: (314) 541-5862
                               Facsimile: (719) 470-2244
                               jchod@chodlawfirm.com

                     and

                                            BNSF RAILWAY COMPANY,
                                            Defendant

                            By:   */s/ Keith Goman*
                                            Keith Goman
                                            Cash K. Parker
                                            Jacob R. Woods
                                            1001 Seventeenth Street, Suite 300
                                            Denver, Colorado 80202
                                            Telephone: (303) 628-3300
                                            Facsimile: (303) 628-3368
                                            E-mail: gomank@hallevans.com
                                                       parkerc@hallevans.com
                                                       woodsj@hallevans.com

Dated August 29, 2022.

                                            BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge