IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURT R. THEGE,<br><br>               Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>               Defendant. | 4:20-CV-3014<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the parties' motions in limine (filing 110; filing 113; filing 161). These motions were filed prior to the parties' stipulation as to BNSF's liability. After this development, the parties agreed that many of the requests in their motions were no longer relevant. The Court heard arguments on the issues still disputed by the parties during a hearing on September 29, 2022. For the reasons explained below, the parties' motions will be granted in part, and denied in part.

MR. THEGE'S MOTION IN LIMINE

Mr. Thege requests an order precluding BNSF, its counsel, and its witnesses from directly or indirectly presenting or arguing two general categories of information, as outlined in paragraphs 1 and 3 of his motion. *See* filing 110.

*Plaintiff's #1: Collateral Source Benefits*

First, Mr. Thege argues that any reference to payments he received from a collateral source, including the Railroad Retirement Board, should be excluded. Filing 111 at 2-3. Ordinarily, payments received from collateral sources are not allowed into evidence. *Hannah v. Haskins*, 612 F.2d 373, 375

(8th Cir. 1980). The Eighth Circuit has determined, however, that when the plaintiff makes a specific reference to collateral source payments on direct examination, the scope of permissible inquiry is set by the direct examination, and the usual rules on cross-examination apply. *Lange v. Missouri Pac. R. Co.*, 703 F.2d 322, 324 (8th Cir. 1983). And under the rules of cross-examination, it is plausible that the collateral source payments might be relevant, based on the plaintiff's testimony on direct examination, to the plaintiff's credibility. *Id.* Therefore, BNSF will not be allowed to introduce evidence of collateral source payments, *see Haskins*, 612 F.2d at 375, and Mr. Thege's motion will be granted on those grounds. However, as he has acknowledged, if Mr. Thege opens the door to those benefits, then they might be relevant for purposes of cross-examination. *See* filing 111 at 3. Accordingly, the Court will grant Mr. Thege's motion on this issue subject to the above caveat.

*Plaintiff's #3: Evidence of Third-Party Liability*

Mr. Thege seeks to exclude "improper evidence, comment, inference, or argument designed to shift responsibilities to third parties or non-parties for the nature and extent of Thege's injuries." Filing 111 at 5. And while such an argument would be contrary to law, *see Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 165-66 (2003), BNSF will not argue that "professional negligence by [Mr. Thege's] medical providers caused or contributed to his injuries." Filing 121 at 3. Because the parties agree that this evidence would be improper, Mr. Thege's motion is granted.

But BNSF asserts that it should be able to "fully explore" Mr. Thege's "medical care, condition and treatment," including his improvements and regressions. Filing 121 at 3. The Court's ruling will not prevent BNSF from doing so. Mr. Thege appears to be concerned mainly with BNSF's use of "medical professional negligence" evidence to "reduce its responsibility for

2

Thege's injuries." The Court will not allow such inference or argument, but will allow BNSF to fully adduce evidence of Mr. Thege's medical treatments following the incident.

## BNSF'S MOTIONS IN LIMINE

BNSF also seeks an order prohibiting Mr. Thege, his counsel, or his witnesses from presenting evidence on a variety of topics, as outlined in paragraphs 2, 4, 6, and 11 of its motion in limine. *See* filing 113. Additionally, BNSF seeks to exclude certain evidence related to liability as outlined in a separate motion. *See* filing 161.

### *Defendant's #2: FELA as Mr. Thege's Sole Remedy*

BNSF seeks the exclusion of any evidence or argument that a FELA award is Mr. Thege's sole remedy for recovery. Filing 114 at 4. The Court will grant BNSF's motion on these grounds. *See Loos v. BNSF R. Co.*, 2015 WL 5039342, at \*2 (D. Minn. 2015); *Campbell v. BNSF Ry. Co.*, 2011 WL 799743, at \*1 (D. N.D. 2011); *Magelky v. BNSF Ry. Co.*, 2008 WL 238451, at \*8 (D. N.D. 2008) (citing *Schmitz v. Canadian Pac. Ry. Co.*, 454 F.3d 678, 685 (7th Cir. 2006)). Mr. Thege will not be permitted to present argument or evidence that this litigation is his sole avenue for recovery.

But the Court recognizes Mr. Thege's concern that BNSF may mention Nebraska's workers' compensation system during its *voir dire*. *See* filing 122 at 2-3. Any reference to workers' compensation by BNSF during its *voir dire* could unfairly prompt jurors to consider whether Mr. Thege is receiving such benefits. And because Mr. Thege will not be allowed to argue that FELA is his sole remedy, the Court agrees that any reference by BNSF to Nebraska's workers' compensation system would be improper and will not be permitted.

*Defendant's #4: Financial Condition and Family Circumstances of Mr. Thege*

BNSF also seeks to exclude any evidence related to Mr. Thege's financial condition as well as evidence of his family circumstances and responsibilities. Filing 113 at 1. Mr. Thege "has no intention of presenting evidence related to his 'financial condition,'" so the Court grants BNSF's motion in that respect.

However, Mr. Thege may present evidence of his family circumstances to the extent that it is relevant to his claim for damages for emotional suffering. *See Beving v. Union Pac. R.R. Co.,* No. 3:18-cv-40, 2020 WL 6051598, at *12 (S.D. Iowa 2020) (citing *Metro-N. Commuter R.R. Co. v. Buckley,* 521 U.S. 424, 429-30 (1997)). Family circumstances which go beyond this scope and become prejudicial will be excluded upon proper objection by BNSF at trial.

*Defendant's #6: Evidence of Mr. Thege's Injuries*

Next, BNSF seeks to prohibit Mr. Thege from introducing evidence or argument about injures he attributes to the June 11, 2019, work incident, except for evidence related to his "lumbar spine" injury. *See* filing 114 at 6. In its brief, BNSF claims that this evidence is barred because Mr. Thege failed to attribute any additional injuries to BNSF's negligence in his complaint or discovery responses. *See* filing 114 at 6. The Court did not follow BNSF's line of argument.

In his complaint, Mr. Thege alleged that he received numerous injuries, in addition to injuries to his lumbar spine, as a result of BNSF's negligence. *See* filing 1. In fact, the list of alleged injuries is quite extensive, including injuries to Mr. Thege's skull, brain, joints, nerves, bladder, bones, etc. *See* filing 1. Thus, to the extent BNSF moves the Court to limit evidence of Mr. Thege's injuries from the June 11, 2019, incident to evidence about his "lumbar spine" injuries, that motion is denied.

At the hearing, BNSF clarified that it is primarily seeking to exclude evidence of any work-related injuries that Mr. Thege sustained during his employment at BNSF before the June 11, 2019, incident. The Court agrees that evidence of Mr. Thege's prior injuries is not relevant to the issues at hand, and will grant BNSF's motion with respect to such evidence. However, if BNSF opens the door by discussing Mr. Thege's prior injuries when presenting evidence related to his pre-existing conditions, Mr. Thege will be permitted to inquire into such matters pursuant to the Rules of Evidence on cross-examination.

### *Defendant's #11: Loss of Consortium Damages*

BNSF argues that Mr. Thege should not be permitted to offer any evidence related to a claim for loss of consortium, or that would suggest his wife and family are entitled to compensation for his injuries or for services they provided. *See* filing 114 at 14. Mr. Thege agrees that the law prohibits recovery of such damages, *see* filing 122 at 9, and the Court will grant BNSF's motion.

Mr. Thege asks the Court to clarify that this ruling does not prevent him from fully examining the nature and the extent of his injuries, including how his permanent impairments and medical complications require his wife to care for him. *See* filing 122 at 9; filing 114 at 14. It does not. Evidence about how Mr. Thege's injuries have impacted his quality and enjoyment of life is directly relevant to the damages he is seeking. And Mr. Thege will be allowed to present evidence about the care and assistance he requires on a daily basis, which may include testimony from his wife about the care she provides. Family circumstances which go beyond this scope and become prejudicial will be excluded upon proper objection by BNSF at trial.

*Defendant's Motion to Exclude Evidence Related to Liability*

Lastly, BNSF asserts that the plaintiff should be precluded from presenting any evidence or argument indicating that BNSF initially disputed liability, or that outlines *when* BNSF admitted liability. *See* filing 161 at 1. Since BNSF has admitted liability—and this will be disclosed to the jury—the Court agrees that evidence about the timing of BNSF's admission is not relevant and would be unfairly prejudicial to BNSF under Fed. R. Evid. 403. Accordingly, the Court will grant BNSF's motion on this issue.

IT IS ORDERED:

1. Mr. Thege's motion in limine (filing 110) is granted as set forth above.

2. BNSF's motions in limine (filing 113; filing 161) are granted in part, and denied in part, as set forth above.

Dated this 30th day of September, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge