IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CURT R. THEGE,

                    Plaintiff,                              4:20-CV-3014

vs.

BNSF RAILWAY COMPANY,                            MEMORANDUM AND ORDER

                    Defendant.

This matter is before the Court on the plaintiff's motion to exclude undisclosed expert testimony and opinions (Filing 165). The plaintiff seeks to prevent the defendant from eliciting any testimony or opinions from medical experts Dr. Scott Vincent and Dr. Andrew Arther as to Mr. Thege's pre-existing conditions—specifically his type 2 diabetes, previous chiropractic adjustments, and rectal hemorrhoids—on the grounds that these experts' disclosed reports did not include any testimony or opinions on these issues. *See* filing 165. The Court held a hearing on this matter on October 12, 2022, and the defendant indicated that it does not intend to elicit such testimony from Dr. Vincent and Dr. Arther. Thus, the plaintiff's motion will be granted without further analysis.

However, at the hearing, the parties raised further arguments about the admissibility of pre-existing conditions evidence as presented through other witnesses. Accordingly, the Court will discuss its ruling as to each category of this evidence below.

## 1. Mr. Thege's Diabetes

First, the defendant argues that questions about Mr. Thege's pre-existing diabetes diagnosis and treatment may be relevant during its cross-examination of both Dr. Lepinski and Mr. Thege. Specifically, BNSF seeks to inquire as to whether Mr. Thege's diabetes was properly controlled prior to his accident and whether this condition contributed to the severity of any of the injuries or conditions for which he is now seeking damages, including his frequent urinary tract infections. The Court agrees that, under Fed. R. Evid. 401, such questions may be relevant given the plaintiff's damages claims and Mr. Lepinski's anticipated testimony. Therefore, if the defendant so chooses, it can explore this issue when cross-examining Dr. Lepinski and Mr. Thege— subject, of course, to proper objection by the plaintiff at trial, including any objection that the defendant's questioning on this matter exceeds the relevant scope of direct examination. *See* Fed. R. Evid. 611(b).

## 2. Mr. Thege's Prior Hemorrhoid Issues

Next, the defendant argues that evidence of a rectal hemorrhoid that Mr. Thege had removed in October 2017 is relevant to determining the extent of the injuries he sustained from the June 11, 2019 accident. Mr. Thege did testify in his deposition that, since his accident, he has had trouble sitting for extended periods because of hemorrhoids. *See* filing 99-2 at 53. Therefore, the Court agrees that evidence of Mr. Thege's pre-existing hemorrhoid issues may be relevant, and could help the jury determine to what extent, if any, Mr. Thege's hemorrhoid complications existed before his accident. While the plaintiff argues that Mr. Thege had no hemorrhoid-related complications following his October 2017 procedure, and that all of his current hemorrhoid issues were caused by the injuries he sustained on June 11, 2019, that is an issue to be explored in testimony and one for the jury to decide.

It should be noted, however, that the defendant indicated there is no evidence from medical experts about the extent to which Mr. Thege's current hemorrhoid symptoms were caused by, or are related to, his pre-existing hemorrhoid issues. Thus, the defendant will be limited to exploring Mr. Thege's pre-existing hemorrhoid issues during its cross-examination of Mr. Thege.

### 3. MR. THEGE'S PRIOR CHIROPRACTIC VISITS

Lastly, the defendant argues that evidence related to Mr. Thege's 2008-09 chiropractic visits is relevant to the damages claims at issue in this case. According to the defendant, medical records and testimony from both Mr. Thege and one of his attending surgeons, Dr. Vande Guchte, show that for years prior to his accident Mr. Thege saw a chiropractor for back adjustments. *See* filing 99-2 at 50-51. And the defendant argues that this evidence supports its claim that Mr. Thege has the capacity to return to certain sedentary work environments: In the past, Mr. Thege allegedly endured back pain "similar to" (?) what he is currently experiencing, and he was able to keep working at BNSF even with that pain.

While the plaintiff argues that Mr. Thege's current back pain is in no way "similar to" any past back pain he may have experienced, that is again a relevant question for the jury to decide. Therefore, given that Mr. Thege and Dr. Vande Guchte have both testified about Mr. Thege's prior chiropractic treatments, the Court agrees that, if the defendant so chooses, it may question *these witnesses* about Mr. Thege's prior chiropractic visits, including the reason for such visits.[1] Again, such questions will be subject to proper objection by the plaintiff at trial.

---

[1] The Court will note that the defendant has indicated it will *not* ask such questions to Dr. Vincent, and the Court agrees that such questions would likely be improper given that Dr.

Additionally, as discussed with the parties, the defendant may potentially refer to Mr. Thege's chiropractic records during its cross-examination of Mr. Thege and Dr. Vande Guchte. However, these records are not automatically admissible based on this ruling, and in fact, will not be admitted into evidence unless the relevance of such documents is sufficiently adduced and proper foundation is laid. Accordingly,

IT IS ORDERED:

1.      Mr. Thege's motion (filing 165) is granted.

2.      Evidence of Mr. Thege's pre-existing conditions will be admissible to the extent outlined above.

Dated this 13th day of October, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

---

Vincent did not provide any opinion or testimony on this issue in his mandatory expert report that was disclosed to the plaintiff. *See* filing 165-1.