IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURT R. THEGE,<br><br>    Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>    Defendant. | 4:20-CR-3014<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on Mr. Thege's objections (filing 176) to BNSF's designated deposition testimony of Cynthia Bartmann (filing 175). Specifically, Mr. Thege argues that Ms. Bartmann's opinion about his ability to work as a tower carman for BNSF should be excluded as undisclosed expert testimony under Fed. R. Civ. P. 26(a)(2) and 37(c)(1). The Court agrees.

  If a party intends to call a witness that is specifically employed to provide expert testimony, the identity of that witness must be disclosed, and this disclosure "must be accompanied by a written report" that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." Rule 26(a)(2). These expert disclosures must be made "at the times and in the sequence that the court orders," Rule 26(a)(2)(D), which is set out in a scheduling order pursuant to Fed. R. Civ. P. 16(b). If a party attempts to present expert testimony at trial that was not properly disclosed under Rule 26(a) or (e), the Court may exclude that testimony unless the failure to disclose was harmless or substantially justified. Fed. R. Civ. P. 37(c)(1).

  And while parties are charged with supplementing their expert disclosures, Rule 26(a)(2)(E), a modification is not "a mere supplement" if it materially alters the disclosed expert testimony. *Petrone v. Werner Enters.,*

*Inc.*, 940 F.3d 425, 434 (8th Cir. 2019). Instead, material alternations are "more appropriately characterized as a new, distinct report subject to the Rule 16(b) deadline for expert disclosures." *Id*. The expert disclosure deadline set in the scheduling order "may be modified only for good cause and with the judge's consent." *Id*. (quoting Rule 16(b)(4)).

In the instant case, BNSF has designated deposition testimony from its retained expert, Ms. Bartmann, that it intends to introduce at trial. *See* filing 175-1. These designations include, in part, Ms. Bartmann's opinion that a tower carman position allegedly available at BNSF's Havelock shop—where Mr. Thege was previously employed—meets all of Mr. Thege's work restrictions and would be an excellent job match for him. *See, e.g.*, filing 175-1 at 18-19. Mr. Thege argues that any opinion from Ms. Bartmann on this matter should be excluded since it was not included in any of her expert reports disclosed pursuant to Rule 26(a)(2). *See* filing 176; filing 176-1; filing 176-2.

The Court agrees that this opinion was not disclosed in either of Ms. Bartmann's Rule 26(a)(2) expert reports. *See* filing 176-1; filing 176-2. In fact, during the deposition at issue, which was conducted on October 19, 2022, Ms. Bartmann conceded that her opinion about Mr. Thege's ability to work as a tower carman was being heard *for the first time that day*, and that she had never provided a supplemental report documenting that opinion. *See* filing 175-1 at 55. Still, BNSF has designated this opinion as deposition testimony for trial. *See* filing 175.

But BNSF never moved the Court to amend the expert disclosure deadline set under Rule 16 to add this opinion to Ms. Bartmann's report. *See Petrone*, 940 F.3d at 434. Nor is this opinion considered supplemental under Rule 26(e), as it materially alters Ms. Bartmann's previously disclosed reports by adding an entirely new opinion about Mr. Thege's ability to work specifically

as a tower carman.[1] *See id.* Thus, the undisclosed expert testimony that BNSF seeks to offer at trial falls squarely within the parameters of Rule 37(c)(1), and the Court must decide if BNSF's failure to disclose this opinion was harmless or substantially justified.

First, the Court finds that Ms. Bartmann's undisclosed expert testimony is not harmless. Whether Mr. Thege failed to mitigate his damages and take advantage of employment opportunities that were reasonably available to him have been, and continue to be, central issues in this case. Though BNSF allegedly notified Mr. Thege about this job opportunity in May 2021, *see* filing 119 at 120, it did not disclose its intent to offer an expert opinion, through Ms. Bartmann, that this position meets Mr. Thege's job restrictions until *two business days* before trial is set to commence. Such notice does not afford Mr. Thege adequate time to gather evidence or obtain an expert opinion about the tower carman position that he believes rebuts Ms. Bartmann's opinion. *See Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).[2]

Nor is BNSF's failure to timely disclose Ms. Bartmann's expert opinion substantially justified. A discovery deposition was previously conducted with Ms. Bartmann on February 25, 2022. *See* filing 175-1 at 42. At that time, she did not give an opinion on whether Mr. Thege could work as a tower carman

---

[1] Ms. Bartmann's disclosed expert reports simply stated that BNSF had "current opportunities that would match his work restrictions," without further elaboration. *See* filing 176-1 at 15. The Court will note that even if it were to consider this opinion supplemental, it still was not disclosed in a timely manner as required by Rule 26(e), as BNSF never attempted to supplement its expert disclosures concerning Ms. Bartmann.

[2] To be clear, although Ms. Bartmann's opinion about Mr. Thege's ability to work as a tower carman will be excluded, that does not prohibit BNSF from adducing evidence at trial that it offered this position to Mr. Thege.

given his medical restrictions. *See* filing 175-1 at 55. According to Ms. Bartmann, sometime after that deposition, BNSF provided her with additional information—including deposition testimony from BNSF employees Lisa Gladney and Robert Podawiltz, a short video of the job environment, and a letter from Ms. Gladney to Mr. Thege about the tower carman position—which allowed her to formulate an opinion on Mr. Thege's ability to work in this position. *See* filing 175-1 at 16, 60-62.

However, Ms. Bartmann's review of this "new" information does not provide a substantial justification for BNSF's *extremely* delayed disclosure of Ms. Bartmann's opinion. BNSF simply cannot argue that the evidence Ms. Bartmann relied on was previously unknown or unavailable to them. As stated above, BNSF alleges that Ms. Gladney sent a letter to Mr. Thege on May 5, 2021, about positions available in the Lincoln Tower, *see* filing 119 at 35, meaning that BNSF has known *for over seventeen months* that it offered this position to Mr. Thege.

More importantly, BNSF knew that it offered Mr. Thege this position before Ms. Bartmann (*its own retained expert*) submitted either of her Rule 26(a) expert reports. *See* filing 176-1 (report dated June 23, 2021); filing 176-2 (report dated March 18, 2022). And the videos of the tower building at BNSF's Havelock shop, which Ms. Bartmann also allegedly relied on to understand the work environment of tower carman, were clearly within BNSF's control and could have been shared with Ms. Bartmann at any time prior to the drafting of her expert reports. *See* filing 119 at 35. Yet, Ms. Bartmann did not offer an opinion on Mr. Thege's ability to do this job in either of her reports. And at no time did BNSF attempt to supplement Ms. Bartmann's expert reports to include this information.

Simply put, BNSF had power and control over all of the evidence its expert allegedly needed to render an opinion on this matter. And its failure to get this information to its own expert and disclose an opinion any sooner than a few business days before trial shows a lack of due diligence, as opposed to a substantial justification. *See Wegener*, 527 F.3d at 692 ("Wegener's failure to exercise due diligence with respect to her expert's review of relevant medical records . . . does not substantially justify her untimely disclosure").

Lastly, having concluded that BNSF's failure to disclose Ms. Bartmann's opinion was neither harmless nor substantially justified, the Court will also note that it does not believe the exclusion of this testimony is an inappropriate sanction under these circumstances. It is well established under Rule 37(c)(1) that when a party's failure to disclose expert testimony is neither harmless nor substantially justified, "a district court may exclude" the undisclosed testimony. *Wegener*, 527 F.3d at 692. When determining the propriety of this remedy, as opposed to other less serve sanctions, "the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.*

As outlined above, BNSF has failed to offer any persuasive explanation for non-compliance, and the undisclosed testimony does prejudice Mr. Thege. And the evidence is not so important to BNSF that exclusion is too harsh a remedy. Of course, this evidence would be helpful to BNSF's mitigation defense. But the exclusion of Ms. Bartmann's undisclosed opinion does not preclude BNSF from offering evidence at trial showing that it offered Mr. Thege the tower carman job. And if such evidence is admitted, the jury will be able to compare the requirements of that job to Mr. Thege's work restrictions,

as outlined by the expert medical testimony that will be adduced. Thus, the Court's exclusion of this evidence is in no way tantamount to dismissing BNSF's mitigation argument in relation to this position.

Therefore, while BNSF is to some extent prejudiced by this exclusion, Mr. Thege would be equally prejudiced by its admission. And where BNSF failed to follow proper disclosure rules, it is only proper that they bear the burden of any such prejudice. As such, the Court will rule on Mr. Thege's objections to BNSF's designated deposition testimony of Cynthia Bartmann (filing 176) as follows pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c)(1):

| | |
|---|---|
| 17:24-19:11 | Sustained. |
| 20:19-21:6 | Sustained in part. Lines 20:22 and 21:5 must be redacted. With these changes, plaintiff's objection to the remainder of this designation is overruled. |
| 23:7-24:1 | Sustained. |
| 59:15-60:18 | Sustained. |
| 60:24-62:10 | Sustained. |

Finally, since the Court is sustaining Mr. Thege's objections and excluding any opinion from Ms. Bartmann about his ability to work as a tower carman, Mr. Thege's conditional request to designate 51:14-52:23 of Ms. Bartmann's deposition (filing 175 at 2) is moot.

Dated this 24th day of October, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge