IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURT R. THEGE,<br><br>              Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>              Defendant. | 4:20-CV-3014<br><br>ORDER |

After a five-day jury trial, the jury in this case awarded the plaintiff, Curt Thege, a total of $9,333,016 in damages: $822,412 for lost earnings, $874,500 for future medical care and supplies, and $7,636,104 in general damages. Filing 193 at 2. The Court entered judgment accordingly. Filing 195.

The defendant, BNSF Railway, now moves the Court to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) and remit the award of damages. Filing 209. Mr. Thege admits that some remittitur for his Railroad Retirement Board and Supplemental Sickness Benefits is appropriate. Filing 214 at 11. Thege, however, opposes the rest of BNSF's motion. The Court agrees with Thege, and will grant BNSF's motion in part and deny it in part.

STANDARD OF REVIEW

Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022).

## DISCUSSION

BNSF argues broadly that the jury's verdict is excessive. *See* filing 210. More specifically, BNSF argues that (1) the award of economic damages is not supported by the evidence, and (2) the award of non-economic damages is grossly excessive, in part because (3) Mr. Thege's counsel made improper statements regarding liability. Filing 210 at 2-6.

Generally, a verdict is not excessive unless the result is monstrous or shocking. *Thorne v. Welk Inv., Inc.*, 197 F.3d 1205, 1211 (8th Cir. 1999); *accord Taylor v. Otter Tail Corp.*, 484 F.3d 1016, 1019 (8th Cir. 2007). Remittitur is only appropriate where the verdict is so grossly excessive as to shock the judicial conscience. *Joseph J. Henderson & Sons, Inc. v. Travelers Prop. Cas. Ins. Co. of Am.*, 956 F.3d 992, 1001 (8th Cir. 2020). It is not appropriate merely because the Court might have awarded a different amount than the jury. *Miller v. Huron Reg'l Med. Ctr.*, 936 F.3d 841, 846 (8th Cir. 2019). And when the jury hears conflicting testimony, it is for the jury to resolve such conflicts in the evidence. *Taylor*, 484 F.3d at 1020.

### ECONOMIC DAMAGES

On this point, BNSF is attempting to relitigate the question of whether Mr. Thege was able to return to work. *See* filing 210 at 3-4. The issue BNSF is raising is less about the *amount* of damages awarded for lost earnings, and more about whether there was a *basis* to award damages for lost earnings after the point at which, at least according to BNSF's evidence, Thege could have returned to work. *See* filing 210 at 4.

But BNSF made that argument to the jury, and the jury rejected it. *See Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 870 (8th Cir. 2006). Determining the weight and credibility of the evidence, and any inference to be drawn from it, is the province of the jury. *May v. Nationstar Mortg., LLC*, 852 F.3d 806, 814

(8th Cir. 2017). Here, the jury evidently credited Mr. Thege's own testimony (as well as other evidence) about his ability to work. All of the evidence upon which BNSF's argument is based was presented to the jury, and the jury chose to credit the testimony of Thege, who (in the Court's view, credibly) testified that he enjoyed working at BNSF and would work if he believed himself capable, but he did not. The Court should not, and will not, second-guess the jury's determination. See *Kossman v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 211 F.3d 1031, 1037-38 (7th Cir. 2000).

## NON-ECONOMIC DAMAGES

BNSF also takes issue with the jury's award of non-economic damages. Filing 210 at 4-5. That argument is in part premised on BNSF's argument about lost wages—had the jury *correctly* evaluated Mr. Thege's economic losses, BNSF argues, the award of non-economic damages would be "almost *eight times* [Mr. Thege's] actual economic losses." Filing 210 at 5. For the reasons explained above, the Court finds no merit to that argument.

Instead, the jury's award of non-economic losses is precisely 4.5 times Mr. Thege's actual economic losses. That's certainly not a coincidence, but it's entirely reasonable—and, based on the Court's assessment of the evidence, even conservative, assuming the jury credited the testimony from Mr. Thege and his family about the traumatic effects the accident has had on his life. Awards for pain and suffering are highly subjective and should be committed to the sound discretion of the jury, especially when the jury is being asked to determine injuries not easily calculated in economic terms. *Sheriff v. Midwest Health Partners, P.C.*, 619 F.3d 923, 932 (8th Cir. 2010). The Court finds nothing in the record here to suggest that the jury abused that discretion.

IMPROPER ARGUMENT

Finally, BNSF suggests that the jury's award resulted in part from improper arguments made by Mr. Thege's counsel relating to BNSF's liability. Filing 210 at 5. BNSF admitted liability, and moved in limine to exclude evidence of its negligence. *See* filing 147; filing 148. The Court granted that motion in part, reasoning that because the nature and extent of Mr. Thege's injuries were still disputed, some evidence of how the accident occurred and what caused it was relevant to help the jury understand the injuries resulting from the accident. But evidence that only took BNSF to task for its alleged negligence was excluded.

Mr. Thege's counsel did try to push that line during the course of trial. The example BNSF cites came during closing argument:

> You now know why BNSF admitted liability. The crane was built in the 1910s and installed in Havelock in 1921. BNSF knew in 2016 they needed a new crane because of the wear and tear and the lack of availability of parts.

Filing 207 at 39. BNSF immediately objected, and the Court immediately sustained the objection. Filing 207 at 39-40. BNSF neither moved for a mistrial nor asked the Court to give a limiting instruction. Filing 207 at 40.

Nor was there a need for a limiting instruction. The remarks alluding to liability were *de minimis* in relation to the totality of both counsel's closing arguments, and the plaintiff's counsel's argument was immediately redirected upon objection.

More importantly, the Court's instructions regarding the issues in the case, and the evidence to be considered, were quite clear. The jury knew that

counsel's statements and arguments weren't evidence. Filing 192 at 4. And the jury was also expressly told:

> Because BNSF admits it is liable for causing the accident in which Mr. Thege was injured, your only job is to determine from the evidence what sum of money will fairly and justly compensate Mr. Thege for any damages you find he sustained and is reasonably certain to sustain in the future as a result of his accident. . . .

Filing 192 at 11. The jury was also reminded that "throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy." Filing 192 at 12. The verdict was to be based "solely on the evidence and the law" contained in the instructions. Filing 192 at 16.

A jury is presumed to follow its instructions. *Evans v. Michigan*, 568 U.S. 313, 328 (2013); *United States v. Joiner*, 39 F.4th 1003, 1011 (8th Cir. 2022). And presuming the jury followed its instructions here, those instructions focused their attention on determining Mr. Thege's damages, based solely on the evidence relevant to his injuries. There is nothing in the record to rebut that presumption. Mr. Thege's counsel asked the jury "to award no less than $17 million" in non-economic damages—"no less than ten times his economic loss." Filing 207 at 15. BNSF argued for a total award of $2,984,070, with about $2 million of that compensating Mr. Thege for pain and suffering. Filing 207 at 63. The jury didn't just split the difference—its award was closer to BNSF's request than it was to Mr. Thege's. The record does not suggest that the jury acted from passion or prejudice, and the Court's own evaluation of the evidence supports the jury's entirely reasonable verdict. Accordingly,

IT IS ORDERED:

1.  BNSF's motion to alter or amend the judgment (filing 209) is granted in part and denied in part.

2.  The judgment will be reduced by $37,027.04 in Railroad Retirement Board and Supplemental Sickness Benefits.

3.  A separate judgment in the amount of $9,295,988.96 will be entered.

Dated this 15th day of December, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge
